FILED
2010 Dec-21 PM 03:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| Michelle Leigh Welsch,<br>　　Plaintiff,<br>v.<br><br>GE Money Bank,<br>　and<br>Encore Receivable Management, Inc.,<br>　　Defendants. | )<br>)<br>)<br>)　Civil Action No. _____<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW,** Plaintiff, by and through her attorney of record, and would show unto the Court as follows:

### PRELIMINARY STATEMENT

1. This Complaint is an action for statutory and actual damages brought by an individual consumer, Michelle Leigh Welsch, (hereinafter referred to as "Plaintiff") against Defendants, GE Money Bank (hereinafter referred to as "GEMB"), and Encore Receivable Management, Inc., (hereinafter referred to as "Encore") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to obtain injunctive and declaratory relief. In addition, this petition seeks statutory and actual damages under the Alabama Deceptive Trade Practices Act, Ala. Code 1975 § 8-19-1 et seq. (hereinafter referred to as "ADTPA"), pursuant to this Court's pendent and supplemental jurisdiction.

2. This action is also filed by the Plaintiff to recover actual and punitive damages,

2. [continued] for the Defendant's willful and negligent actions which constitute negligence, invasion of privacy, and harassment.

3. This action is also filed by the Plaintiff to recover actual and punitive damages, statutory damages, attorney's fees and costs for the Defendant's violations of the Gramm-Leach-Bliley Act as codified in 15 U.S.C. §608, et seq. and the Defendant's breach of duty to protect private customer information.

4. This action also seeks both injunctive and declaratory relief.

## JURISDICTION AND VENUE

5. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

6. The violations of Plaintiff's rights as alleged herein occurred in Jefferson County, Alabama, and were committed within the Southern Division of the Northern District of the State of Alabama.

## PARTIES

7. Plaintiff, Michelle Leigh Welsch, is a natural person and is a resident and citizen of Jefferson County, the State of Alabama, and of the United States. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ala. Code 1975 § 8-19-3(2).

8. Defendant, GEMB, is a financial institution doing business throughout the United States and engaged in the business of furnishing credit to consumers located within the State of Alabama.

9. Defendant, Encore, is a foreign corporation engaged as "debt collectors" as

defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a "person" defined under Ala. Code 1975 § 8-19-3(5), engaged in the business of collecting debts in this State where Encore regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mail and telephone.

## FACTUAL ALLEGATIONS

10. Plaintiff restates and reiterates herein all previous paragraphs.
11. On or about July 27, 2008 the Plaintiff obtained a consumer credit account with GEMB.
12. On or about February 6, 2009, GEMB sent the Plaintiff's credit statements to an unauthorized third party. The unauthorized third party is "Michele T. Welsch" who resides at 339 Edgeview Avenue, Trussville, AL 35173-1224. Michele T. Welsch was allowed by GEMB to perform unauthorized activity on the Plaintiff's account. More specifically, when Michele T. Welsch received Plaintiff's credit statements, she paid $500.00 to GEMB. This payment was made under the belief that the payment would be applied to her account with GEMB instead of the Plaintiff's account. GEMB never informed Plaintiff of this matter and Plaintiff only became aware of this activity through Michele T. Welsch. Michele T. Welsch made harassing phone calls to the Plaintiff demanding a refund of her $500.00 that was applied to Plaintiff's account. All of this unauthorized activity occurred in spite of Plaintiff calling numerous times to GEMB stating that she was not receiving any statements at her home located at 2689 Chestnut Way, Pinson, AL 35126.
13. Prior to April 6, 2009, Plaintiff informed GEMB that she had retained an attorney for representation of this debt.

14. Since April 6, 2009 and continuing until the date of the filing of this Complaint, GEMB has mailed Plaintiff's credit statements and other correspondence directly to the Plaintiff's legal counsel.

15. On or about May 22, 2010, GEMB contacted the Plaintiff by telephone attempting to set up a payment arrangement for said credit account.

16. Upon information and belief, GEMB transferred the Plaintiff's credit account to Encore for collections.

17. On or about April 30, 2010 the attorney for the Plaintiff sent a Notice of Legal Representation letter to Encore, by fax and U.S. mail, advising them of his representation of the Plaintiff. This letter and fax confirmation is attached to the Complaint as Exhibit "A".

18. On numerous other occasions after April 30, 2010, the Plaintiff informed Encore that she had retained an attorney for representation of this debt. Plaintiff provided the name, address, and telephone of her attorney to Encore. Despite that communication, Encore continued to call Plaintiff directly.

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et seq.**

19. Plaintiff restates and reiterates herein all previous paragraphs..

20. That Encore's telephone contacts with Defendant violates 15 U.S.C. Section 1692c(a)(2). This Section states, "Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt--if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a

communication from the debt collector or unless the attorney consents to direct communication with the consumer.

21. The Plaintiff is therefore entitled to an award of statutory damages, punitive damages and legal fees pursuant to 11 U.S.C. § 1692k.

## COUNT TWO
## VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT
## ALA. CODE 1975 § 8-19-3 et seq.

22. Plaintiff restates and reiterates herein all previous paragraphs.

23. The conduct described herein has caused actual confusion or actual misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

24. Said conduct is generally and specifically within the meaning of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3 et seq. and in the course of business that is prohibited, unfair, and deceptive.

25. The foregoing acts and omissions of the Defendants were undertaken by them willfully, intentionally, and knowingly as part of their routine debt collecting business, and Plaintiff relied upon such representations as being lawful, yet such conduct is prohibited.

26. The conduct described herein has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair and deceptive acts and practices.

27. Defendants' unfair and deceptive acts have proximately caused emotional and actual damage and Defendants are liable to Plaintiff for such injury.

## COUNT THREE
## NEGLIGENCE

28. Plaintiff restates and reiterates herein all previous paragraphs.

29. Defendants' acts, as described herein, were done so negligently and without care or concern for the well-being of Plaintiff.

30. Defendant's acted negligently and carelessly by sending the Plaintiff's credit card statements to an unauthorized third party, Michele T. Welsch. Michele T. Welsch was allowed by GEMB to perform unauthorized activity on the Plaintiff's account. More specifically, when Michele T. Welsch received Plaintiff's credit card statements, she paid $500.00 to GEMB. This payment was made under the belief that the payment would be applied to her account with GEMB instead of the Plaintiff's account. GEMB never informed Plaintiff of this matter and Plaintiff only became aware of this activity through Michele T. Welsch. Michele T. Welsch made harassing phone calls to the Plaintiff demanding a refund of her $500.00 that was applied to Plaintiff's account.

31. As a proximate consequence of Defendants' negligence, Plaintiff has been caused to suffer severe emotional and mental distress.

32. As a result of Defendants' unlawful acts, Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, and costs and attorney's fees.

## COUNT FOUR
## HARASSMENT

33. Plaintiff restates and reiterates herein all previous paragraphs.

34. Defendants' acts, as described herein, were done so negligently and without care or concern for Plaintiff's well being. Defendants' harassing collection tactics created a hostile environment for Plaintiff.

35. Defendants wrongfully exploited Plaintiff by sending the Plaintiff's credit card statements to an unauthorized third party, Michele T. Welsch. Michele T. Welsch was allowed by GEMB to perform unauthorized activity on the Plaintiff's account. More specifically, when Michele T. Welsch received Plaintiff's credit card statements, she paid $500.00 to GEMB. This payment was made under the belief that the payment would be applied to her account with GEMB instead of the Plaintiff's account. GEMB never informed Plaintiff of this matter and Plaintiff only became aware of this activity through Michele T. Welsch. Michele T. Welsch made harassing phone calls to the Plaintiff demanding a refund of her $500.00 that was applied to Plaintiff's account.

36. Defendants' communication to Plaintiff were offensive and harassing.

37. As a proximate consequence of Defendant's harassment, Plaintiff has been embarrassed, offended, humiliated, emotionally distressed, and forced to hire the services of an attorney.

## COUNT FIVE
## INVASION OF PRIVACY

38. Plaintiff restates and reiterates herein all previous paragraphs.

39. Defendants' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publication was made.

40. As a direct and proximate consequence of Defendants' acts of invading Plaintiff's privacy, Plaintiff has been injured in that Plaintiff has been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

### COUNT SIX
### VIOLATIONS OF GRAMM-LEACH-BLILEY ACT
### 15 U.S.C. SUBCHAPTER 1, §6801

41. Plaintiff restates and reiterates in all previous paragraphs.

42. The Gramm-Leach-Bliley Act was enacted to "prohibit the disclosure of private, non-public information," finding that it is "policy of Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of each of its customers and to protect the security and confidentiality of those customers non-public personal information." 15 U.S.C. 601.

43. A financial institution means "any institution or business of which is engaging in financial activities." 15 U.S.C. §1609(3n)(A).

44. Defendant, GE Money Bank, is in the business of engaging in financial activities by making credit card loans to customers and is therefore, a "financial institution."

45. Defendant disclosed non-public personal information by sending Plaintiff's credit card statement to Michele T. Welsch.

46. Defendant failed to protect the Plaintiff's confidentiality and security and such release of information has subjected your Plaintiff to substantial risk of harm.

47. As a result of the Defendant's direct violation of the Gramm-Leach-Bliley Act, the Plaintiff has suffered an increase exposure to identity theft and therefore,

the Defendant is liable to Plaintiff for damages, potential future damages, future credit monitoring, attorney's fees, sanctions and costs.

## DECLARATORY AND INJUNCTIVE RELIEF

48. Plaintiff restates and reiterates herein all previous paragraphs.

49. There exists a dispute over whether Defendants have violated the FDCPA and Alabama Deceptive Trade Practices Act.

50. Plaintiff is entitled to injunctive relief, a declaratory judgment and a determination that Defendants violated the FDCPA and Alabama Deceptive Trade Practices Act, Ala. Code 1975 § 8-19-3 et seq. and Plaintiff is similarly entitled to an order enjoining said acts.

51. As a result of Defendants' actions, omissions and violations, Plaintiff is entitled to statutory damages, actual damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.

52. Defendants' actions, omissions, and violations as alleged herein constituted the negligent and intentional infliction of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future to continue to suffer the same.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays that judgment be entered against each and every Defendant, jointly and severally, by this Court for the following:

   a) Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants

    from continuing to engage in such conduct, and granting such additional equitable relief as may be appropriate;

b) Award Plaintiff actual damages;

c) Award Plaintiff punitive damages;

d) Award Plaintiff state and federal statutory damages;

e) Award Plaintiff compensatory damages for mental and emotional distress, humiliation, and embarrassment to be determined at trial;

f) Award Plaintiff reasonable attorney's fees and costs of this litigation;

g) Require GEMB to pay for a credit monitoring service and identity theft insurance for the Plaintiff; and

h) Grant such other and further relief as this Honorable Court deems just and proper.

  RESPECTFULLY submitted this the 20th day of December, 2010.

              */s/ Michelle Leigh Welsch*
              **MICHELLE LEIGH WELSCH**

**STATE OF ALABAMA**
**JEFFERSON COUNTY**

 I, Shannon Weekley, hereby certify that **MICHELLE LEIGH WELSCH** whose name is signed to the above and foregoing Forgoing Complaint and who is known to me, acknowledged before me on this day, that being informed of the contents of said document, she executed the same voluntarily on the day the same bears date.

  Given under my hand and seal this the 20th day of December, 2010.

            */s/ Shannon J Weekley*

**NOTARY PUBLIC**

*My Commission Expires:* 4-28-13

*[signature]*

S. Scott Allums
Attorney for Plaintiff
506 North 18th Street
Bessemer, Alabama 35020
Telephone: (205) 426-7080
Facsimile: (205) 426-7090
ssallums@gmail.com


**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL:**
**Encore Receivable Management, Inc.**
C T Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104

**GE Money Bank**
Attn: Mark Begor
CEO/President
3135 Easton Turnpike
Fairfield, CT 06828-0001

**GE Money Bank**
PO Box 981064
El Paso, TX 79998-1064